Reversed and Remanded and Opinion filed December 9, 2003









Reversed and Remanded and Opinion filed December 9,
2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01355-CR

____________

 

THE STATE OF TEXAS, Appellant

 

V.

 

CHARLES LEONARD PARKER, Appellee

 



 

On Appeal from the 278th
District Court

Walker County, Texas

Trial Court Cause No. 20,509C

 



 

O P I N I O N

The State of Texas appeals from the granting of a motion to
suppress filed by  appellee, Charles Leonard Parker.  Appellee was
indicted for the offense of possession of marijuana. After a hearing on the
motion to suppress, the trial court granted appellee=s motion.  The State asserts two points of error on
appeal: (1) the trial court erred in concluding that the searching officer did
not have reasonable suspicion to detain the appellee
after concluding a traffic stop, and (2) the trial court erred in finding the appellee had standing to contest the search of the vehicle.








The record from the suppression hearing reflects that appellee was driving north on Interstate-45 in Walker
County, Texas when he was stopped by Officer Gresham, who was assigned to the
East Texas Narcotics Task Force.  Gresham
observed appellee following another car at an unsafe
distance as prohibited by the Texas Transportation Code.  Gresham determined during the traffic stop
that appellee was driving a rental car. 
The car had been rented to Sharese Washington,
but appellee was not listed on the rental agreement as an
additional driver.  Observing trash from
a fast food restaurant, no visible luggage, and appellee=s Anervous@ demeanor, Gresham gave appellee a warning about following too closely.  Gresham then asked consent to search the
car.  Appellee
refused.  Believing there was reasonable
suspicion of narcotics trafficking, Gresham called for
backup and detained the vehicle for a canine sniff of the car.  The dog alerted on the vehicle.  During a subsequent search, Gresham found
sixty-one pounds of marijuana in the trunk. 


In its first point of error, the State contends Officer
Gresham articulated sufficient facts to support a reasonable suspicion of
narcotics activity and, thus, to authorize a temporary detention to permit a
canine Asniff@ of the vehicle.  However, as the finder-of-fact, the trial
court was free to disbelieve some or all of Gresham=s testimony.  Without findings of fact from the trial
court, we cannot review this issue without infringing upon the trial court=s fact-finding ability.  State v. Guo,
64 S.W.3d
662, 669 (Tex. App.CHouston
[1st Dist.] 2001, no
pet.).  Accordingly, the State=s first point of error is
overruled.

In its second point of error, the State argues that appellee lacks standing to contest the search of the
vehicle.  Normally, a person has standing
to challenge the search of an automobile that he does not own so long as he has
received permission to use the vehicle from someone authorized to give
permission.  Maysonet
v. State, 91 S.W.3d 365, 374 (Tex. App.CTexarkana 2002, pet. ref=d).  However, in the case of a rental car,
permission to drive the vehicle must be given by the lessor,
not merely the lessee, where the rental agreement specifically prohibits
unapproved drivers.  Id.
at 375.








Here, it is undisputed that the vehicle was not owned by appellee; rather, it was rented by Sharese
Washington, who testified that she gave appellee
permission to drive the car.  However,
the rental agreement clearly states: AADDITIONAL DRIVER B NONE PERMITTED WITHOUT
ENTERPRISE=S APPROVAL. . . .NO OTHER
DRIVER PERMITTED.@  Thus, Washington was without authority to
allow appellee to drive the car.  Accordingly, we find appellee
has no reasonable expectation of privacy regarding the vehicle, and he lacks
standing to challenge the search.  The
State=s second point of error is
sustained.  

The order of the trial court is reversed.  We remand this case to the trial court for
proceedings consistent with this opinion.   


 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

Judgment
rendered and Opinion filed December 9, 2003.

Panel
consists of Justices Yates, Hudson, and Fowler.

Do Not
Publish C Tex. R. App. P.
47.2(b).